United States District Court
Southern District of Texas

**ENTERED**

November 20, 2019

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIM. ACTION NO. 5:18-CR-215-1** |
| | § | |
| **FRANCISCO FLORES** | § | |

## MEMORANDUM & ORDER

On September 3, 2019, Defendant Francisco Flores was sentenced to a total of 151 months imprisonment after pleading guilty to one count of possession of a firearm by a prohibited person and four counts involving possession with the intent to distribute methamphetamine. (Dkt. 137.) During Defendant's sentencing hearing (Hrg.), the Court informed Defendant that he had waived his right to appeal Count 1 of the Superseding Indictment, but that he had retained his right to appeal Counts 2, 3, 4, and 5. (Hrg. at 9:45:28.) The same day, a notice of non-appeal signed by Defendant and his attorney, David Almaraz, was filed. (Dkt. 133.) The Court entered judgment as to Defendant on September 9, 2019. (Dkt. 137.) Now pending is Defendant's *pro se* "Motion for Leave for Extension of Time to File a Delayed Notice of Appeal" (Dkt. 141), which was filed with the Court on October 28, 2019. The motion also requests that the Court appoint counsel or provide any other relief it deems appropriate. (Dkt. 141 at 2.)

## Legal Standard

Under the Federal Rules of Appellate Procedure, a criminal defendant's notice of appeal must be filed in the district court within 14 days after the entry of judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i).[1] The court may authorize an extension upon a finding of

---

[1] In 2009, Rule 4(b)(1)(A) was amended to extend the deadline to file from 10 to 14 days. F. R.

"excusable neglect or good cause"—but only for a period "not to exceed 30 days from the expiration of time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Although the time limit in Rule 4(b) is not jurisdictional, it is mandatory. *United States v. Collins*, 712 F. App'x 392, 394 (5th Cir. 2017) (citing *Eberhart v. United States*, 546 U.S. 12, 18 (2005)). For a notice of appeal filed after the period prescribed by Rule 4(b), a limited exception is the "unique circumstances doctrine," which excuses failure to abide by time limitations where the failure is caused by the litigant's reasonable reliance on a judicial officer's specific assurance." *United States v. Wright*, 131 F. App'x 698, 699 (11th Cir. 2005); *see United States v. Thornton*, 2008 WL 3244266, at *1 (5th Cir. Aug. 8, 2008) (affirming district court's denial of motion for leave to file an out of time appeal of convictions based, in part, on appellant's failure to demonstrate "unique circumstances").

To determine the date of a *pro se* inmate's filing, the Court applies the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *United States v. De La Torre*, 2013 U.S. Dist. LEXIS 127737, at *2 (S.D. Tex. Sep. 6, 2013) (applying prisoner mailbox rule to inmate's construed motion for extension of time to file a notice of appeal). Under the prisoner mailbox rule, a *pro se* inmate's motions are considered "filed" on the date they are delivered to prison authorities for mailing. *Lack*, 487 U.S. at 275. If an institution has a system designed for legal mail, as is the case here, an inmate must use the that system to receive the benefit of the mailbox rule. *See* Fed. R. App. P. 4(c)(1).

## Discussion

---

App. P. 4(b)(1)(A) advisory committee's note to 2009 amendment. Although some of the cases cited in this Order were decided before this amendment, the Court finds that the reasoning of the opinions still applies here.

A.      **Defendant's motion is untimely**

Setting aside the fact that Defendant filed a notice of non-appeal (Dkt. 133), Defendant "cannot satisfy the criteria for any of the exceptions to the time limitation for filing a notice of appeal." *Wright*, 131 F. App'x at 699. The 14-day period for filing a timely notice of appeal under Rule 4(b)(1) expired on September 23, 2019, and the additional 30-day period for extending the time to file under Rule 4(b)(4) expired on October 23, 2019.

Although Defendant is an incarcerated prisoner, he cannot rely on the mailbox rule here because he failed to tender his motion to prison authorities by October 23, 2019. *See* Fed. R. App. P. 4(c)(1). Federal Correctional Institution, Elkton—where Defendant is incarcerated—has a system in place for legal mail, and such mail is stamped and dated upon receipt. The envelope containing Defendant's motion is designated as "Legal Mail" and bears a stamp indicating that the motion was processed through "special mailing" procedures. (Dkt. 141, Attach. 1.) *See United States v. Lee*, 196 F. App'x 719, 722 (10th Cir. 2006) (finding that prison's statement indicating that envelope was received and processed "through special mailing procedures" was evidence that a legal mail system was used). Defendant's motion was accompanied by a signed "Certificate of Service" dated October 21, 2019. (Dkt. 141 at 4.) However, the stamped envelope indicates that Defendant's motion was not delivered to the prison mailroom until October 24, 2019—one day past the time limitation prescribed in Rule 4(b)(4). (Dkt. 141, Attach. 1.) It was therefore not "filed" until October 24, 2019. Unfortunately for Defendant, he "does not have a right to have his untimeliness . . . disregarded." *United States v. Mendoza*, 2011 WL 830527, at *1 (S.D. Tex. Mar. 3, 2011) (citing *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006)).

Furthermore, the unique circumstances doctrine does not apply here. Defendant does not

argue nor does he show "that the district court made an affirmative representation or specific assurances that misled him and caused his notice of appeal to be filed late." *See Thornton*, 2008 WL 3244266, at *1. Accordingly, the Court finds that (1) the period to file a notice of appeal has lapsed; (2) Defendant's motion is untimely; and (3) Defendant has not demonstrated that unique circumstances caused his untimeliness.

**B.      Defendant's motion may be recharacterized as a motion for relief under 28 U.S.C. § 2255**

Defendant claims that he relied on his attorney to file a timely notice of appeal: "[D]efense counsel informed [Defendant] Flores that a proper and timely 'notice of appeal' will be filed on his behalf." (Dkt. 141 at 2.) The record, however, clearly indicates that Defendant and his attorney signed a "Notice of Non-Appeal" on the day he was sentenced.[2] (Dkt. 133.) If Defendant's attorney in fact disregarded his instruction to file a timely notice of appeal and/or Defendant unwittingly signed the notice of non-appeal (Dkt. 141), Defendant raises serious concerns regarding the effectiveness of his counsel.

Therefore, Defendant's complaint that his attorney failed to file a timely notice of appeal "may properly be construed as a motion for relief under 28 U.S.C. § 2255." *Mendoza*, 2011 WL 830527, at *1. However, a post-conviction motion should be recharacterized as a § 2255 motion "only after adequate notice and warning to the defendant as to the consequences of recharacterization." *Id.* (citing *Castro v. United States,* 540 U.S. 375, 383 (2003)). Accordingly, Defendant is hereby advised that he must notify the Court if he wishes his motion to be

---

[2] The notice of non-appeal states, "I am a defendant in this case, and I have now been sentenced. I know that I have the right to appeal to the Court of Appeals. I have discussed my case with my attorney and I have decided not to pursue an appeal." (Dkt. 133.)

construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[3]

Defendant is further advised that if the motion is so characterized, he may be prohibited from

asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion.

*See id.*; 28 U.S.C. § 2255. Before filing a second or successive § 2255 motion, Defendant will be

required to seek and obtain approval of the Fifth Circuit by satisfying certain requirements. *See*

28 U.S.C. § 2244(b)(3)(A).

**C.    Defendant is not entitled to appointed counsel**

In addition to his request for leave to file a delayed notice of appeal, Defendant requests

that the Court appoint counsel for him pursuant to 18 U.S.C. § 3006A. (Dkt. 141 at 2.) There is,

however, no general constitutional entitlement to appointed counsel in post-conviction relief

proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). If Defendant wishes to

recharacterize his motion as a § 2255 motion, the Court may then consider whether Defendant is

financially eligible for appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). The Court thus

finds that Defendant is not entitled to appointed counsel at this time.

<u>Conclusion</u>

As discussed above, Defendant is hereby ADVISED that he must notify the Court by no

later than **<u>Friday, December 20, 2019</u>** if he wishes his motion to be construed as a motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. **If Defendant wishes to**

**proceed in a § 2255 motion, he should supplement his filing to include <u>all claims</u> that he**

**wishes to raise or risk having them barred in any subsequent proceeding.** At that time, the

Court will determine whether a hearing is appropriate. If Defendant does not respond to this

---

[3] Defendant is reminded that he has waived his right to file a § 2255 motion challenging the
conviction or sentence for Count 1 as a provision of his plea agreement. (*See* Dkt. 80 at 4.)
Therefore, he may be relieved of his waiver only under limited circumstances.

Order, the Court will dismiss his motion (Dkt. 141) in accordance with its rulings on his motion for an extension of time to file a notice of appeal and request for appointment of counsel stated below.

Defendant's "Motion for Leave for Extension of Time to File a Delayed Notice of Appeal" (Dkt. 141) is hereby DENIED. Defendant's request for appointment of counsel is hereby DENIED without PREJUDICE.

The Clerk of Court is DIRECTED to mail Defendant a copy of this Order via Federal Express at the address indicated on his most recent filing.

IT IS SO ORDERED.

SIGNED this 20th day of November, 2019.

_____
Diana Saldaña
United States District Judge