UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIM. ACTION NO. 5:18-CR-215-1 |
| FRANCISCO FLORES | § § | |

# ORDER

Defendant Francisco Flores, USM No. 37470-479, is a federal inmate confined by the Bureau of Prisons. (Dkt. 137 at 3.) In 2018, he pleaded guilty to possession of a firearm by a prohibited person and to possessing with intent to distribute methamphetamine and was subsequently sentenced to 151 months in prison. (*Id.* at 1–4.) On October 28, 2019, Defendant filed "Motion for Leave for Extension of Time to File a Delayed Notice of Appeal" (the "First Motion"). (Dkt. 141.) In this motion (Dkt. 141), Defendant claims that his attorney, David Almaraz, failed to timely file a notice of appeal on Defendant's behalf, despite Defendant's specific instructions. (*Id.* at 2.) The Court denied the First Motion (Dkt. 141) as untimely but advised Defendant to notify the Court by December 20, 2019 if he wished his motion to be construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 145.) Defendant subsequently filed "Motion to Vacate, Set Aside, or correct Sentence Pursuant [to] 28 U.S.C. § 2255" (the "Second Motion") (Dkt. 150) on January 21, 2020.

In the Second Motion's Certificate of Service (Dkt. 150 at 3), Defendant states that the motion (Dkt. 150) was sent to the Court on December 18, 2019, but the envelope seems to have been stamped on January 17, 2020. (*Id.* at 4.) Regardless of the Second Motion's (Dkt. 150) timeliness, the Court believes that waiving the deadline would be in the interest of justice. The Court therefore exercises its "inherent power" to excuse Defendant's potentially late filing. *See*

*generally Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (describing a district court's "inherent power. . .to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases" (citation omitted)).

Defendant's Second Motion (Dkt. 150) "request[s] this Honorable Court to construe [the First Motion] as a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255." (Dkt. 150). Given this request, the Court "liberally construes" Defendant's First Motion (Dkt. 141) as a § 2255 motion to vacate Defendant's conviction due to ineffective assistance of counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring "[a] document filed *pro se* . . . 'to be liberally construed'" (citation omitted)).

Finally, having reviewed Defendant's First Motion (Dkt. 141) and the record of prior proceedings, the Court cannot find that it "plainly appears" Defendant is not entitled to relief. *See* Rule 4(b) of the Rules governing § 2255 Proceedings. Although the Docket shows a "Notice of Non-Appeal" (Dkt. 133), signed by both Defendant and Defendant's attorney, the Court will act with an "abundance of caution" to determine whether "Defendant's attorney in fact disregarded his instruction to file a timely notice of appeal and/or Defendant unwittingly signed the notice of non-appeal." (Dkt. 145 at 4.) *See Gomez-Guzman v. United States*, No. 5:09-CR-2528, 2014 WL 12719244, at *5 (S.D. Tex. Mar. 12, 2014) (ordering response by the defendant's attorney regarding defendant's claim that his attorney failed to file a notice of appeal).

For the foregoing reasons, Attorney **David Almaraz** is hereby ORDERED to file a response to Petitioner's motion no later than **September 2, 2020**. For his response, Attorney Almaraz should report his version of facts in a sworn affidavit or declaration pursuant to 28 U.S.C. § 1746.

Additionally, the Clerk of the Court is DIRECTED to mail Attorney Alamaraz a copy of this Order by any receipted means at the address listed for him on the case docket and DIRECTED to mail Defendant a copy of this Order by any receipted means at the address indicated on his most recent filing. Further, the Clerk of the Court is DIRECTED to open a new civil case pursuant to Defendant's § 2255 motion.

IT IS SO ORDERED.

SIGNED this 19th day of August, 2020.

_____
Diana Saldaña
United States District Judge