IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 5:18-CR-00215 |
| VS | § | CIVIL NO.  5:20-CV-00135 |
| | § | |
| **FRANCISCO FLORES** | § | |

### RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE REVERSE OR CORRECT AN ILLEGAL SENTENCE BY A PETITIONER IN FEDERAL CUSTODY UNDER SECTION 2255

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Respondent, DAVID ALMARAZ, and files this Response to Petitioner's Motion to Vacate, Set Aside, Reverse or Correct an Illegal Sentence by Petitioner, **FRANCISCO FLORES**, (a Defendant in Federal Custody), and in response to said motion would show unto the Court the following:

I.

Respondent Almaraz was retained to represent Petitioner FRANCISCO FLORES on various charges including 1 count of conspiracy to possess with intent to distribute methamphetamine in violation of Title 21 U.S.C. 846, 841(a)(a) and 841(b)(1)(B); 4 counts of possession with intent to distribute methamphetamine in violation of Title 21 U.S.C. 841(a)(1), 841(b)(1)(C) and one count of possession of a firearm during and in a drug trafficking crime in violation of Title 18 U.S.C. Section 924(c)(1)(A)(i) and 924(c)(1)(B)(i)

 on or about May 23, 2018.  Petitioner FRANCISCO FLORES was indicted on March 27, 2018.  Undersigned counsel filed a Motion for Substitution of Counsel on May 24, 2018

and it was granted on May 25, 2018. Undersigned counsel's representation continued until the date of his federal sentencing which was September 3, 2019. In the 16 months that undersigned counsel represented Mr. Flores, he dedicated approximately 100 hours to his case.

Counsel immediately began the discovery process by requesting the government file on May 24, 2018. Undersigned counsel had at least 11 in person visits with Defendant while he was in custody at GEO wherein we discussed everything from his plea, defense strategy, possible pending charges out of San Antonio, his Pre-Sentence Investigation Report, several possible objections, Motion for Downward Departure, Sentencing, etc. I had numerous communications with AUSA Lindberg either by telephone or emailed correspondence in an effort to negotiate the best possible outcome for Mr. Flores.

I attended a safety valve debrief with Mr. Flores, timely filed objections to the Pre-Sentence Investigation Report, filed a Motion for Downward Departure on his behalf and a attempted to get Mr. Flores out on bond.

On October 10, 2019 undersigned counsel appeared with Mr. Flores for the re-arraignment setting. I had previously discussed the plea with Mr. Flores and at the time of the pre-trial hearing, Mr. Flores told the Court that he would plead to the drug charge but wanted to proceed to trial on the gun charge. The Court set the case for a jury selection the next day on October 11, 2019. I continued to communicate with AUSA Lindberg on the matter the rest of that day. At about 6:00 a.m. the morning of October 11, AUSA Lindberg communicated a plea offer to undersigned counsel. Both

undersigned counsel and AUSA Lindberg appeared before Judge Marina Garcia Marmolejo and announced that they had reached a deal.  Mr. Flores proceeded to accept the plea offer.  Judge Marmolejo then explained to the parties the significant time and resources that had been expended to prepare for that day's proceedings, and that if the trial did not go forward, a $1,750 fee would be assessed against the parties to cover the cost of empaneling the jury.  AUSA Lindberg would have to pay half while undersigned counsel would have to pay the other half.  Judge Marmolejo ultimately ordered that the fine not be paid, but admonished both parties as to future occurrences.

    I advised Mr. Flores that by pleading was entitled to at least three levels off for acceptance of responsibility, although as is my custom, I never told Mr. Flores how much time the Court would impose on him.  I informed him of the guideline levels, and of the statutory minimum.  I told him the sentencing was strictly decided by the Judge after a pre-sentence investigation report was prepared.

    Mr. Flores was sentenced on September 3, 2019 at which time he signed a Notice of Non-Appeal which was both in the English and Spanish language.  At no time was I told by Mr. Flores or anyone on his behalf that he wanted to file an appeal.  Customarily when someone tells me that they wish to appeal their sentence, I file a Notice of Appeal on their behalf (signed pro-se) and then I file a Motion to Withdraw. I do not do appellate work at this point in my career, but I always do as instructed by my clients.  It would have been no inconvenience to do that for Mr. Flores had he asked.  I worked on Mr. Flores' case diligently and thoroughly.  Initially the sentencing guidelines

showed a range of imprisonment for Mr. Flores between 168-210 months.  Mr. Flores received a total custodial term of 151 months in prison.

On October 28, 2019 Petitioner Flores filed a Motion For Leave for Extension of Time to File a Delayed Notice of Appeal wherein he alleges that he advised undersigned counsel to file a Notice of Appeal at the "sentencing stage".  I affirm as an Officer of the Court states that I was never instructed to file for an appeal.  I reiterate that I do not work on appeals and that had I been asked to file an appeal, I simply would have had him sign a Notice of Appeal (rather than a Notice of Non-Appeal) and then I would have proceeded to file a Motion to Withdraw.

On November 20, 2019, the Court filed a Memorandum and Order denying Mr. Flores' Motion for Leave as untimely and advising Mr. Flores that the proper avenue to vacate, set aside or correct his sentence would be through the filing of a 2255 motion and that said motion should be filed no later than December 20, 2019.  On January 21, 2020 the clerk of the court file stamped Mr. Flores' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. 2255.  This motion has a certificate of service dated December 18, 2019.  The stamp date however from the San Antonio post office is dated January 17, 2020 and a Received Date stamp from the United States Court, Southern District of Texas dated January 21, 2020.  On April 2, 2020 Mr. Flores filed a request for the transcript of the sentencing which occurred on September 3, 2019.  On August 19, 2020, undersigned counsel was ordered to file a response to Mr. Flores' 2255 motion by September 2, 2020.

During re-arraignment, the Court admonished the Defendant of the statutory maximum.  Mr. Flores entered into and signed a plea agreement, the plea agreement includes an explicit, unambiguous waiver of appeal, which clearly explains and cites the statutory sources of Petitioner's right to appeal or collaterally attack his sentence.   Mr. Flores then signed an Addendum to the Plea Agreement which states in part "I have consulted with my attorney and fully understand all my rights with respect to the

indictment pending against me.  My attorney has fully explained, and I understand all my rights with respect to the provisions of the Untied States Sentencing Commission's Guideline Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms."   The Court also informed Mr. Flores that he had waived his right to appeal on Count 1 of the Superseding Indictment but had retained the right to appeal on Counts 2-5.  Undersigned counsel conferred with Mr. Flores and after all of that, Mr. Flores knowingly signed a Notice of Non-Appeal.

Undersigned counsel states that he was never told by Mr. Flores, or anyone else acting on Mr. Flores' behalf, to file a Notice of Appeal.

Respectfully submitted,

_____/s/_____
**DAVID ALMARAZ**
**Attorney-at-Law**
**1802 Houston Street**
**P. O. Box 6875**
**Laredo, Texas 78042-6875**
**Telephone:  (956) 727-3828**
**Facsimile:  (956) 725-3639**
**Federal ID No. 259**