United States District Court
Southern District of Texas
**ENTERED**
February 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CRIM. ACTION NO. 5:18-CR-215-1** |
| § | |
| **FRANCISCO FLORES** § | |

# ORDER

Pending is Defendant Francisco Flores's ("Defendant") "Motion for Petition for Second 2255 or 2241" (Dkt. 165). Because Defendant is a *pro se* litigant, the Court "liberally construes" Defendant's requests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Defendant appears to make three requests. Defendant requests that (1) the Court issue a certificate of appealability for his previous 28 U.S.C. § 2255 motion (Dkt. 158); (2) he be allowed to file a second or successive 28 U.S.C. § 2255 motion; and (3) in the alternative, his motion be construed as a 28 U.S.C. § 2241 petition.[1] (*See id.* at 1.) All three requests should be denied.[2]

First, to the extent that Defendant requests a certificate of appealability, the Court denies his request. The Court's previous order (Dkt. 159) denying his first § 2255 motion (Dkt. 158) concluded that a certificate of appealability would not issue because Defendant made no substantial showing of the denial of a constitutional right. (Dkt. 159 at 3.) The Court does not disturb that conclusion here.

---

[1] The Court notes that Defendant titles his motion (Dkt. 165) with the docket number of his request to the Fifth Circuit for certification to file a second or successive 28 U.S.C. § 2255 motion, i.e., 20-40685. However, because Defendant addressed his motion (Dkt. 165) to this Court, the Court will construe his requests as being made to the Court regarding Criminal Action No. 5:18-CR-215-1. Any request regarding Defendant's Fifth Circuit case should be made to the Fifth Circuit unless otherwise ordered.

[2] Defendant also requests the Court to appoint counsel for him. (Dkt. 165 at 3.) However, because the Court denies his underlying requests, the Court denies his request for appointment of counsel as well.

Second, to the extent that Defendant requests to file a second or successive § 2255 motion, Defendant has filed this request in the incorrect court. Under 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." The appropriate court of appeals would be the Fifth Circuit in this case. In fact, it appears that Defendant's request for certification has been filed in the Fifth Circuit already as Docket No. 20-40685. Because this Court is not the appropriate venue to seek certification for a second or successive § 2255 motion, Defendant's request should be denied.[3]

Third, to the extent that Defendant seeks to file a 28 U.S.C. § 2241 petition, Defendant has also filed this request in the incorrect court. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004). Defendant is currently incarcerated at Federal Correctional Institution, Greenville ("FCI Greenville"). *See Find an inmate.*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 10, 2021). FCI Greenville is in the Southern District of Illinois. *See FCI Greenville*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/gre/ (last visited Feb. 10, 2021). The Southern District of Illinois is therefore the "district of confinement" for the purposes of any § 2241

---

[3] The merits of Defendant's motion (Dkt. 165) appear to be based on the Supreme Court's holding in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Defendant contends that *Rehaif*'s requirement that a defendant has knowledge of his own status as someone who cannot lawfully possess a firearm in order to be convicted under 18 U.S.C. §§ 922(g) and 924(a)(2) invalidates his sentence. (*See id.* at 1–2.) Although Defendant was sentenced to imprisonment for possession of a firearm by a prohibited person under those exact statutes, the Court notes that his sentence for that crime was 120 months to run concurrent with a 151 month term of imprisonment for additional crimes he pleaded guilty to. (Dkt. 137 at 1–3.) While the Court comes to no binding conclusions as to the merits of Defendant's instant motion (Dkt. 165), it appears that even if *Rehaif* applied in Defendant's case, Defendant's total sentence would remain the same.

petition Defendant may wish to file.[4]

## Conclusion

For the foregoing reasons, Defendant Francisco Flores's ("Defendant") "Motion for Petition for Second 2255 or 2241" (Dkt. 165) is hereby DENIED.

The Clerk of Court is DIRECTED to mail Defendant a copy of this Order by any receipted means at the address listed in his most recent filing.

IT IS SO ORDERED.

SIGNED this 11th day of February, 2021.

_____
Diana Saldaña
United States District Judge

---

[4] The Court emphasizes that it does not make any findings as to propriety of filing such a petition. The Court only provides this information to Defendant to inform him why the Court declines to construe his motion (Dkt. 165) as a petition brought pursuant to 28 U.S.C. § 2241.